UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JOSE VERAS, DANIEL DEGANTE, MANUEL
DIAZ, ALEJANDRO JUAREZ, and ANTONIO
RODRIGUEZ,

                      Plaintiffs,

      - against -

CLEAN IMAGE INC. and DAVID FLORES,

                      Defendants.

----------------------------------------------------------------X

15 CV 255

Civil Action No.

## COMPLAINT

Plaintiffs Jose Veras, Daniel Degante, Manuel Diaz, Alejandro Juarez and Antonio Rodriguez ("Plaintiffs"), by and through their attorneys Cohen, Weiss and Simon LLP, allege as follows:

### PRELIMINARY STATEMENT

1. This is an action against defendants Clean Image Inc. ("Clean Image") and David Flores ("Flores") (together "Defendants"). Defendants own, operate or control a cleaning company that is headquartered at 3542 Eastchester Road, Bronx, NY 10469.

2. Defendants employed Plaintiffs as porters for various dates beginning from approximately December 2010 until late November 2014. Plaintiffs often did not receive either the federal or New York state minimum wage for their work for Defendants. In addition, Plaintiffs did not receive overtime compensation to which they were entitled under federal and state law. Plaintiffs were regularly required to work more than 40 hours per workweek, yet

1

Defendants consistently failed to pay Plaintiffs any overtime premium for hours in excess of forty hours per workweek.

3. Defendants all are jointly and severally liable for the willful unlawful conduct described herein.

## NATURE OF ACTION

4. This action is brought to recover unpaid wages, as well as damages, liquidated damages, and attorneys' fees and costs, owed to Plaintiffs under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and under New York Labor Law Article 6 §§ 190 et seq. and Article 19, §§ 650 et seq., and the related New York State Department of Labor Regulations, 12 NYCRR Part 142 (collectively, "New York Labor Law" or "NYLL").

5. Plaintiffs also seeks a declaratory judgment setting forth that Defendants have violated the Fair Labor Standards Act and New York labor law, along with damages, liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. Plaintiffs' state law claims are so closely related to their claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

8. Upon information and belief, all Defendants are subject to personal jurisdiction in New York.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because events or omissions giving rise to the claims occurred in this district.

10. The Court is authorized to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

Plaintiffs

11. Plaintiffs all were employed as porters by Defendants. In that role, they cleaned numerous high-end Manhattan restaurants, including: Hard Rock Café; Indochine; Locanda Verde; Republic; STK; Toro Blanco; and Vynl. This work included, for example, using potent industrial chemicals to clean cooking lines, grills, air filters above grills, ovens, other kitchen equipment, floors, bathrooms, walls, metal fixtures, windows, mirrors, rugs, seats, light fixtures, furniture, seats, taking out garbage, and shoveling snow. Defendants provided Plaintiffs with the supplies used to clean the restaurants.

12. Jose Veras was employed by Defendants as a porter from approximately early December 2010 to mid-August 2014. He is a covered employee within the meaning of FLSA and the NYLL. Veras is an adult individual who is a resident of Queens, New York.

13. Daniel Degante was employed by Defendants as a porter from approximately May 2013 to early February 2014. He is a covered employee within the meaning of FLSA and the NYLL. Degante is an adult individual who is a resident of Queens, New York.

14. Manuel Diaz was employed by Defendants as a porter from approximately March 2012 to late March 2013. He is a covered employee within the meaning of FLSA and the NYLL. Diaz is an adult individual who is a resident of Queens, New York.

15. Alejandro Juarez was employed by Defendants as a porter from approximately July 2012 to July 2013. He is a covered employee within the meaning of FLSA and the NYLL. Juarez is an adult individual who is a resident of Queens, New York.

16. Antonio Rodriguez was employed by Defendants as a porter from approximately early January 2014 to late August 2014. He is a covered employee within the meaning of FLSA and the NYLL. Rodriguez is an adult individual who is a resident of the Bronx, New York.

Defendants

17. Clean Image Inc. ("Clean Image") is a domestic New York business corporation doing business in New York with a place of business located at 3542 Eastchester Road, Bronx, NY 10469. Clean Image is a covered employer within the meaning of FLSA and the NYLL, and, at all relevant times, employed Plaintiffs and/or jointly employed Plaintiffs. Upon information and belief, at all relevant times, Clean Image's annual gross volume of sales made or business done was not less than $500,000.

18. Upon information and belief, David Flores ("Flores") is a resident of New York. At all relevant times, Flores has owned, operated and/or controlled Clean Image.

19. Flores is a covered employer of Plaintiffs within the meaning of FLSA and the NYLL as, upon information and belief, at all relevant times, he maintained operational control over Clean Image, including by having the power to personally hire and fire employees, set their hours and wages, direct and supervise their work, maintain their employment records, and otherwise control the terms and conditions of employment. Flores is actively involved in managing day to day operations of Clean Image and has and had the power to stop any illegal practices that harmed Plaintiffs.

20. Each Defendant has had substantial control of Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

## **FACTUAL BASIS FOR CLAIMS**

Failure to Consistently Pay the Federal or State Minimum Wage and Overtime Premium

21.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs as follows.

22.    During their periods of employment as described above in paragraphs 12 to 16, Plaintiffs were regularly required, and suffered and permitted, by Defendants to work but, at least for Plaintiffs Veras, Degante, Juarez and Rodriguez, were frequently not paid the applicable federal minimum wage of $7.25 per hour or the applicable New York State minimum wage of between $7.25 and $8.00 per hour.

23.    Plaintiffs typically worked between approximately 42 and 70 hours per workweek for Defendants, yet received no overtime premium for each such workweek. Plaintiffs usually worked six and sometimes seven days per workweek, beginning late at night at the closing of the restaurant until early the following morning. Throughout the relevant years, Plaintiffs' pay varied by worker and by year between approximately $325.00 and $466.50 per workweek. Nevertheless, the daily rates of pay did not fluctuate based on the number of hours worked that day.

24.    In particular, Plaintiff Veras worked between approximately 57 and 66.5 hours per workweek, with weekly pay varying between $325.00 and $466.50. At no time did he receive the applicable minimum wage, nor did he receive the overtime premium for each such workweek.

25.    Plaintiff Degante worked between approximately 42 and 57 hours per workweek, with weekly pay varying between $350.00 and $400.00. Throughout his employment in 2013 and in early and late 2014, he did not receive the applicable minimum wage. At no point did he receive the overtime premium for each such workweek.

5

26. Plaintiff Diaz worked approximately 48 hours per workweek, with weekly pay of $350.00. At no time did he receive the overtime premium for each such workweek.

27. Plaintiff Juarez worked between approximately 48 and 54 hours per workweek, with weekly pay varying between $350.00 and $375.00. For workweeks from summer 2012 until the end of his employment in 2013, he did not receive the applicable minimum wage. At no point did he receive the overtime premium for each such workweek.

28. Plaintiff Rodriguez worked between approximately 52.5 and 61.5 hours per workweek, with weekly pay varying between $350.00 and $406.00. At no time did he receive the applicable minimum wage, nor did he receive the overtime premium for each such workweek.

29. Defendants willfully failed and refused to pay all Plaintiffs the federal or state minimum wage and overtime premium as required by FLSA and the New York Labor Law.

30. Defendants willfully failed and refused to pay Plaintiff Veras a "spread of hours" premium for work in excess of 10 hours per day as required by the New York Labor Law.

<u>Defendants Failed to Keep Accurate Records and Failed to Comply with Notice Posting and Wage Statement Requirements</u>

31. During their tenure with Defendants, Plaintiffs were never provided with pay stubs documenting all hours worked.

32. Defendants failed to properly document and record the number of hours Plaintiffs worked each workweek and the wages paid to Plaintiffs each workweek.

33. From 2010 until April 2014, Defendants would pay Plaintiffs by cash in an envelope with the Plaintiff's name written on it. From April through November 2014, Defendants paid Plaintiffs in money orders from "C.I." or "Clean Image."

34. Defendants also failed to provide Plaintiffs with an annual wage notice in English, or in their primary language, Spanish, as required by NYLL § 195(1). The annual wage notice must include information such as the rate of pay and any allowances claimed as part of the minimum wage.

35. Throughout Plaintiffs' employment, Defendants failed to provide Plaintiffs with an accurate wage statement with every payment of wages containing information required by NYLL § 195(3), including information such as dates of work, rates of pay for regular and overtime hours, and number of regular hours and overtime hours worked.

## COUNT ONE
## Fair Labor Standards Act

36. Plaintiffs reallege and incorporate by reference all allegations in all of the preceding paragraphs herein.

37. At all times relevant, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

38. Defendants are employers covered under FLSA as they engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

39. Sections 6 and 7 of FLSA, 29 U.S.C. §§ 206 and 207, require that every person covered by FLSA who is "suffered or permitted to work" must be paid a minimum wage for all hours worked of $7.25 per hour and overtime pay at one and one-half times the person's regular rate for all hours worked in excess of forty hours per workweek. Section 16(b) of FLSA, 29 U.S.C. § 216(b), entitles such persons to recover all unpaid wages plus interest, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs.

40.     Defendants frequently willfully failed to pay at least Plaintiffs Veras, Degante, Juarez and Rodriguez the minimum wage of $7.25 per hour, in violation of 29 U.S.C. § 206(a)(1)(C), and failed to pay all Plaintiffs the overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

41.     Defendants' failure to provide required compensation for all hours worked by Plaintiffs with the knowledge, consent, and expectation of Defendants and their agents constitutes a willful violation of FLSA within the meaning of 29 U.S.C. § 255(a).

42.     As Plaintiffs' employer, Defendants are jointly and severally liable for Plaintiffs' unpaid wages, liquidated damages, all reasonable attorneys' fees and the costs of this action and other relief under FLSA.

43.     By virtue of Defendants' unlawful failure and refusal to pay Plaintiffs the minimum wage, overtime wages and other compensation to which they are entitled, Plaintiffs have lost wages in amounts to be proved at trial. Defendants are liable to Plaintiffs for unpaid wages, liquidated damages, prejudgment interest, and all reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

44.     Defendants' unlawful conduct, as described herein, has been willful and intentional. Defendants were aware or should have been aware that the practices described herein were unlawful. Defendants have not made a good faith effort to comply with FLSA with respect to the compensation of Plaintiffs.

### COUNT TWO
### New York Labor Law—Minimum Wage and Overtime Compensation Violations

45.     Plaintiffs reallege and incorporate by reference all allegations in all of the preceding paragraphs herein.

46. Defendants are employers and Plaintiffs were employees of Defendants within the meaning of the New York Labor Law.

47. Defendants frequently willfully and intentionally failed to compensate Plaintiffs the minimum wage and consistently willfully and intentionally failed to compensate Plaintiffs overtime premium to which they are entitled under the New York Labor Law.

48. Defendants violated Plaintiffs' rights by frequently failing to pay at least Plaintiffs Veras, Degante, Juarez and Rodriguez the required New York State minimum wage of $7.25 per hour until December 30, 2013 and $8.00 per hour after that date, as well as consistently failing to pay all Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law.

49. Defendants knew or should have known that the practices described in this Count were unlawful under 12 NYCRR §§ 142-2.1 and 142-2.2. Defendants' violations of Plaintiffs' rights under 12 NYCRR §§ 142-2.1 and 142-2.2 were willful. Defendants have failed to make a good faith effort to comply with 12 NYCRR §§ 142-2.1 and 142-2.2 with respect to the compensation of Plaintiffs.

50. Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, the applicable minimum wage and their unpaid overtime compensation, interest and liquidated damages, and all reasonable attorneys' fees and costs of this action, pursuant to New York Labor Law § 663.

### COUNT THREE
### New York Labor Law—Notice and Record Keeping Requirements

51. Plaintiffs reallege and incorporate by reference all allegations in all of the preceding paragraphs herein.

52. Defendants failed to provide Plaintiffs with a wage notice in English and Plaintiffs' primary language, Spanish, on or before February first of each year of the employee's employment containing information outlined in NYLL § 195(1), including the rate of pay and any allowances claimed as part of the minimum wage.

53. Defendants failed to provide Plaintiffs with a wage statement with every payment of wages containing information outlined in NYLL § 195(3), including the rate of pay, basis of pay, gross wages, and any allowances claimed as part of the minimum wage.

54. As a result of Defendants' violations of NYLL § 195(1) and (3), Plaintiffs may recover damages of fifty dollars for each workweek Defendants failed to provide Plaintiffs with a wage notice, and damages of one hundred dollars for each workweek Defendants failed to provide Plaintiffs with a wage statement, not to exceed a total of twenty-five hundred dollars for each violation, together with costs and reasonable attorneys' fees in accordance with NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

A. An award of damages, including unpaid wages and liquidated damages pursuant to FLSA and the NYLL;

B. Pre-judgment and post-judgment interest to be paid by Defendants;

C. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under FLSA and the NYLL;

D. All reasonable attorneys' fees and costs of this action;

E. Such other relief as this Court deems appropriate, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: January 13, 2015
      New York, New York

By: _____
Joseph J. Vitale
Evan Hudson-Plush
Jonathan Harris
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

By: _____
Hana Kim
OPEN HANDS LEGAL SERVICES, INC.
315 E. 115th Street
New York, NY 10029
(212) 591-6099

Attorneys for Plaintiffs